UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRANKFORT

Civil Action No. 08-53-HRW

SHARON A. SMITHA,                                               PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on March 8, 2001, alleging disability beginning on October 23, 2000, due to "high blood pressure, asthma, acid reflux disease, headaches, depression, panic attacks, agoraphobia [sic.], obsessive compulsive disorder" (Tr. 204). This application was denied initially and on reconsideration.

On May 8, 2006, an administrative hearing was conducted by Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 25, 2006, the ALJ issued his decision finding that Plaintiff was not

disabled.

Plaintiff was 44-46 years old at the time of the hearing decision.  She has a Bachelor's Degree and past relevant work experience as a special education teacher, substitute teacher, nurse's aide, bank secretary, administrative assistant and paralegal.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from obesity, obstructive sleep apnea, asthma, allergies, hypertension, gastroesophageal reflux disease, major depression and anxiety with panic episodes, which he found to be "severe" within the meaning of the Regulations (Tr. 19-23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19-23).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 26) but determined that she has the residual functional capacity ("RFC") to perform light and sedentary work with certain restrictions as set forth in the hearing decision (Tr. 23-26).

The ALJ finally concluded that these jobs exist in significant numbers in the

national and regional economies, as identified by the VE (Tr. 27). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 19, 2008 (Tr. 11-13).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 13] and this matter is ripe for decision.

### III. ANALYSIS

A.   **Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly found that she did not meet or equal the criteria of Listing 3.03A and (2) the ALJ did not consider the cumulative effect of her mental impairments.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly found that she did not meet or equal the criteria of Listing 3.03A.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical

Listing at step three. Thus, Plaintiff Daniels "bears the burden of proof at step three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), citing *Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, *quoting Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. As the Defendant notes, this must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Id.* at 530.

Listing 3.03A pertains to asthma with chronic asthmatic bronchitis. The listing calls for this condition to be evaluated "under the criteria for chronic

obstructive pulmonary disease in 3.02A." 20 C.F.R. pt. 404, subpt. P. App. 1, § 3.03A (2008). Listing 3.02A requires that Plaintiff, who is 64 inches tall, to produce evidence of a Forced Expiratory Volume, One Second ("FEV-1") equal to or less than 1.25 liters per second. 20 C.F.R. pt. 404, subpt. P. app. 1, § 3.02A (2008). In addition, in order for the testing to be valid, the Regulations require at least three satisfactory forced expiratory maneuvers to be performed, and two of the three should include both pre- and post-bronchodilator results. *See* Section 3.00E in Appendix 1, Subpart P of Regulations No.4. Finally, in order to satisfy the listing, Plaintiff must demonstrate that this condition has lasted or can be expected to last for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1525(c)(4).

On November 15, 2001, Plaintiff exhibited a FEV-1 of 1.24 liters per second (Tr. 405). However, this test did not meet the requirements of the Regulations.

On May 16, 2002, Plaintiff exhibited an FEV-1 of 0.95 liters per second. However, the testing did not include any post-bronchodilator results, and only shows complete test results for one test, as opposed to three as required by the Regulations.

Nor does the July 11, 2002 testing comport with the Regulations.

In sum, there is no evidence in the record which would satisfy the

7

requirements of Lusting 3.03A and the appurtenant Regulations. Thus, the ALJ did not err in this regard.

Plaintiff's second claim of error is that the ALJ did not consider the cumulative effect of her mental impairments.

The decision reflects the ALJ's detailed consideration of Plaintiff's mental impairments. The record shows that aside from Plaintiff's subjective complaints with regard to her mental impairments, the medical evidence reveals moderate impairment which responds well to treatment.

Moreover, the RFC contains several restrictions in this regard. There is simply no credible evidence of record which would support a finding of mental impairment beyond that determined by the ALJ.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 17, 2009.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge